UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF COLORADO

| | |
|---|---|
| In re: ) | |
| JANE M. FLANAGAN ) | Case No.; 12-24741-HRT |
| Debtor, ) | Chapter 7 |
| ) | |
| JOHN T. FLANAGAN, IV ) | |
| Debtor, ) | |
| ) | Adversary No.12-01652-HRT |
| ) | |
| _____ ) | |
| ) | |
| DAVID R. WHARTON, ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | |
| ) | |
| JOHN T. FLANAGAN, IV ) | |
| Defendant ) | |

---

**JOHN T. FLANAGAN'S RESPONSE TO PLAINTIFF'S
MOTION FOR SUMMARY JUDGMENT**

---

COMES NOW, John T. Flanagan (hereinafter "Mr. Flanagan"), by and through his undersigned counsel, and responds to David R. Wharton's, (hereinafter "Mr. Wharton") Motion for Summary Judgment.

### I.  INTRODUCTION

On July 23, 2009, Mr. Wharton filed a Complaint and Jury Demand in District Court in the City and County of Denver. *See Plaintiff's Exhibit 3 to Plaintiff's Motion for Summary Judgment.* Mr. Wharton alleged five claims: Breach of Services Agreement, Promissory Estoppel, Unjust Enrichment, Fraud, and Breach of Promissory Note. On April 23, 2010, Mr.

1

Wharton filed a Motion for Default Judgment and Proposed Order. *See Plaintiff's Exhibit 1and 2 to Plaintiff's Motion for Summary Judgment.* On May 13, 2010, District Court Judge William W Hood, III approved the Proposed Order submitted by Mr. Wharton. *See Plaintiff's Exhibit 1 to Plaintiff's Motion for Summary Judgment.*

## II. STATEMENT OF FACTS

On July 13, 2013 Mr. Flanagan filed a business related bankruptcy. Like all of his business related debt, Mr. Flanagan listed the debt owed to Mr. Wharton. The debt owed to Mr. Wharton is no different than other business debt listed in Mr. Flanagan's schedules. On October 11, 2012, Mr. Wharton filed an adversary proceeding before this Court. Mr. Wharton objects to the dischargability of the debt he is owed. He does so based on a *default* judgment where fraud was alleged in the complaint.

## III. LEGAL STANDARD FOR SUMMARY JUDGEMENT

Summary judgment is not appropriate in this case. It is only appropriate where the pleadings, the discovery and disclosure materials on file, and any affidavits show that there is no genuine issue as to any material fact and that the movant is entitled to judgment as a matter of law. Fed. R. Civ. P. 56(c); *see Anderson v. Liberty Lobby, Inc.,* 477 U.S. 242, 248-50 (1986); *Concrete Works, Inc. v. City & County of Denver,* 36 F.3d 1513, 1517 (10th Cir. 1994). The elements of fraud were never proven in the state court matter. Therefore there is a genuine issue of material fact. Mr. Wharton is not entitled to judgment as a matter of law.

Mr. Wharton as the moving party bears the initial burden of showing an absence of a genuine issue of material fact in the case. *Celotex Corp. v.Catrett,* 477 U.S. 317, 325 (1986). He has failed this standard by presenting a default judgment which only contained fraud as one of

2

his causes of action. The alleged fraud was never proven. *See Plaintiff's Exhibit 1 and Exhibit 2 to Plaintiff's Motion for Summary Judgment.*

Mr. Flanagan, as the opposing party, directs this Court's attention to the fact that the state court's judgment was a default judgment. Mr. Wharton has not met his initial burden. Moreover, even if he had, a summary judgment motion can be overcome by the opposing parties ability to demonstrate a genuine issue for trial on a material matter. *Concrete Works,* 36 F.3d at 1518 (citing *Celotex,* 477 U.S. at 325). The nonmoving party may not rest solely on the allegations in the pleadings, but instead must designate specific facts showing that there is a genuine issue for trial. *Celotex,* 477 U.S. at 324; *see* Fed. R. Civ. P. 56(e). Merely raising metaphysical doubts will not overcome summary judgment. *Scott v. Harris,* 549 U.S. 372, 380 (2007) (internal citations omitted); *Price-Cornelison v. Brooks,* 524 F.3d 1103, 1120-21 (10th Cir. 2008). It cannot be said that Mr. Flanagan is resting solely on allegations in the pleadings, or raising metaphysical doubts. Mr. Flanagan points directly to Mr. Wharton's proposed order for default judgment which was later merely "Approved." *See Plaintiff's Exhibit 1 to Plaintiff's Motion for Summary Judgment.*

## IV. LEGAL ARGUMENT

The debt owed to Mr. Wharton was not obtained by fraud. Mr. Wharton asserts whether the debt was obtained by fraud has already been decided in Colorado state court, and therefore the issue is precluded from any further litigation in this Court. *See Plaintiff's Motion for Summary Judgment IV. Legal Argument, page 6.* While there is a state court *default* judgment where fraud was one of the alleged causes of action, it is not dispositive. Mr. Wharton's legal analysis supporting his motion for summary judgment is flawed. Mr. Wharton relies heavily on *In re*

3

*Jensen,* 395B.R. 472 (Bankr. D. Colo. 2008), which is instructive. However, Mr. Wharton errs in applying the doctrine of res judicata.

The Court in *In re Jensen* considered the applicability of the doctrine of res judicata. In Colorado, res judicata requires a showing of: "(1) finality of the first judgment; (2) identity of [the] subject matter; (3) identity of claims for relief; and (4) identity or privity between parties to the actions." Cruz. v. Benine, 984 P.2d 1173, 1176 (Colo. 1999). When these elements are met, "res judicata forecloses all that which might have been litigated previously . . .," while collateral estoppel precludes only [40] those matters which were actually litigated. Brown v. Felsen, 442 U.S. at 139 n.10 (emphasis added). *In re Jensen,* 395B.R. 472, 491. The facts in *In re Jensen* are distinguishable from the facts before this Court. In *In re Jensen,* the defendant was attempting to raise additional defenses. Mr. Flanagan is not asserting an additional defense.

*In Re Jensen* is instructive, but under the doctrine of collateral estoppel. The elements required to demonstrate collateral estoppel under Colorado law are: (1) the issue to be precluded is identical to an issue actually litigated and necessarily adjudicated in the prior proceeding; (2) the party against whom estoppel is sought was a party to or was in privity with a party in the prior proceeding; (3) there was a final judgment on the merits in the prior proceeding; and (4) the party against whom the doctrine is asserted had a full and fair opportunity to litigate the issues in the prior proceeding. See Michaelson v. Michaelson, 884 P.2d 695, 700-01 (Colo. 1994); *In re Jensen,* 395 B.R. 472, 490. Elements (1), (3) and (4) have not been met.

Collateral estoppel, not res judicata is the appropriate doctrine to apply to Mr. Wharton's Motion for Summary Judgment. Collateral estoppel would apply to prohibit litigation before this Court, but only if the state court has made "specific, subordinate, factual findings on the identical

4

dischargeability issue in question--that is, an issue which encompasses the same prima facie elements as the bankruptcy issue--and the facts supporting the court's findings are discernible from that court's record." In re Dennis, 25 F.3d 274, 278 (5th Cir. 1994); *In re Jensen,* 395 B.R. 472, 490.

Like the Plaintiff in *In re Jensen,* Mr. Wharton is not able to meet the elements of collateral estoppel. Mr. Wharton's judgment was entered by default and was not actually litigated. Colorado courts have held for a default judgment to have collateral estoppel effect on a particular issue, there must be "evidence that the parties engaged in a meaningful assessment of the facts and then the defendant made a conscious choice not to contest the entry of judgment, or that the court rendered findings based on evidence presented in some form, through affidavits, proffers, or at trial." Ries v. Sukut (In re Sukut), 357 B.R. 834, 839 (Bankr. D. Colo. 2006). ; *In re Jensen,* 395 B.R. 472, 490. On March 15, 2010, Mr. Flanagan's counsel in the state court action filed a motion to withdraw, as Mr. Flanagan was not able to pay counsel. *See Plaintiff's Exhibit 2 to Plaintiff's Motion for Summary Judgment.* Mr. Flanagan, his wife and children have undergone tremendous hardship when Mr. Flanagan's business Red Robot was not as successful as he hoped. They lost their security and their family home.

It is Red Robot's very lack of success that caused the underlying state court action. The court in *In re Jensen* examined whether the defendant had meaningfully participated or that the state court did anything more than simply enter the Plaintiffs' proposed default judgment. *In re Jensen,* 395 B.R. 472, 490, 491. In *In Re Sukut,* 357 B.R.834; 838; 839 (D. Colo. 2006 the Court took an in depth look at meaningful participation and cited the following:

> " 'Although the general rule in Colorado is to give preclusive effect to default judgments, this principle still contains the caveat that the issues precluded must

5

>have [7] been actually litigated." Evans v. Dunston (In re Dunston), 146 B.R. 269, 277 (D. Colo. 1992); In re Austin, 93 B.R. 723, 727 (Bankr. D. Colo. 1988). "Actual litigation does not necessitate a full trial, but a full and fair opportunity for the defendant to present his case." Dunston, 146 B.R. at 277; Austin, 93 B.R. at 727. "To be actually litigated the issue must be raised by a party through an appropriate pleading or tried with the consent of the parties, it must be submitted to the prior tribunal for determination, and it must be determined by that tribunal." Bebo Constr., 990 P.2d at 86. "[I]n a dischargeability proceeding, it is especially important that the judge look at the entire record from the state court action to ensure that all issues given preclusive effect have been actually litigated and presented. A bankruptcy court can deny preclusive effect to the state default judgment if the [839] findings were 'conclusory' or the record, pleadings, and affidavits do not enable the bankruptcy court to discern the basis of the facts." Dunston, 146 B.R. at 278 (citations omitted).' " *In re Jensen,* 395 B.R. 472, 490, 491.

Mr. Flanagan, like the defendants in *In Re Sukut,* 357 B.R.834, *and In re Dunston* 146 B.R. 269 (D. Colo. 1992), was not able to meaningfully participate when he no-longer had the means to fund the litigation. Further the court in *In Re Jensen* found that the state court did nothing more than simply enter the Plaintiffs' proposed default judgment. *In re Jensen,* 395 B.R. 472, 490, 491. On April 23, 2010, Mr. Wharton filed a Motion for Default Judgment and Proposed Order. *See Plaintiff's Exhibit 1 and 2 to Plaintiff's Motion for Summary Judgment.* On May 13, 2010, District Court Judge William W Hood, III approved the Proposed Order submitted by Mr. Wharton by merely stamping "Approved." *See Plaintiff's Exhibit 1 to Plaintiff's Motion for Summary Judgment.*

## V.    CONCLUSION

The debt owed to Mr. Wharton was not obtained by fraud. The debt owed to Mr. Wharton is no different than the other business debt listed in Mr. Flanagan's bankruptcy schedules. Summary judgment is not appropriate in this case. There is a genuine issue of material fact as to whether fraud was committed. Mr. Flanagan was not able to meaningfully participate in the state

court action, and that court did nothing more than simply enter the Plaintiffs' proposed default judgment. To date Mr. Flanagan has paid over $87,000.00 toward satisfying Mr. Wharton's state court default judgment.

Respectfully Submitted,

Dated: March 22, 2013

/s/ Jessica L. Hoff
Jessica L. Hoff 37332
Counsel to Respondent
Hoff Law Offices, P.C.
6551 S. Revere Pkwy. Suite 200
Centennial, CO 80111
(303) 803-4438 Fax: (303) 648-4478
jhoff@hofflawoffices.com
*Original signature on file at the offices of*
*Hoff Law Offices, P.C.*

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that a true and correct copy of JOHN T. FLANAGAN'S RESPONSE TO PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT, Verification and Proposed Order were served by placing the same in the United States Mail, first class postage pre-paid, this March 22, 2013 to the following:

Husch Blackwell LLP
Attn: Mark Forrest Bell
1700 Lincoln Street, Suite 4700
Denver, CO 80203

                                             */s/ Jessica L. Hoff*
                                             Jessica L. Hoff 37332