# UNITED STATED BANKRUPTCY COURT
# FOR THE DISTRICT OF COLORADO
## Honorable Howard R. Tallman

| | |
|---|---|
| **In re:** ) | |
| ) | |
| **JOHN T FLANAGAN and** ) | **Case No. 12-24741 HRT** |
| **JANE M FLANAGAN,** ) | **Chapter 7** |
| ) | |
| **Debtors.** ) | |
| ) | |
| ) | **Adversary No. 12-01652 HRT** |
| **DAVID WHARTON,** ) | |
| ) | |
| **Plaintiff,** ) | |
| ) | |
| **v.** ) | |
| ) | |
| **JOHN T FLANAGAN,** ) | |
| ) | |
| **Defendant.** ) | |
| ) | |

## ORDER ON MOTION FOR SUMMARY JUDGMENT

This case comes before the Court on the *Plaintiff's Motion for Summary Judgment* (the "Motion," docket #13) and the Defendant's Response thereto (docket #15). The Court hereby concludes as follows.

In the Motion, Plaintiff David Wharton (the "Creditor") asks this Court to apply the doctrine of collateral estoppel, also known as issue preclusion, to conclude that the Defendant, Debtor John Flanagan (the "Debtor"), is precluded from denying that he committed fraud in connection with business dealings between the Creditor and the Debtor. The Creditor's argument is based on a *Judgment in Favor of Plaintiff David R. Wharton* (the "Judgment") entered by the District Court of the City and County of Denver, Colorado (the "State Court").

Because the Judgment was entered by a Colorado court, Colorado law governs its preclusive effect. *See Marrese v. Am. Acad. of Orthopaedic Surgeons*, 470 U.S. 373, 380 (1985). Under Colorado law, a party asserting collateral estoppel must satisfy a four-factor test, the first of which is that the issue to be precluded "is identical to an issue actually litigated and necessarily adjudicated in the prior proceeding." *Michaelson v. Michaelson*, 884 P.2d 695, 700-01 (Colo. 1994); *Bebo Constr. Co. v. Mattox & O'Brien, P.C.*, 990 P.2d 78, 84-85 (Colo. 1999). The Creditor bears the burden of establishing this factor. *Bebo Constr.*, 990 P.2d at 85.

ORDER ON MOTION FOR SUMMARY JUDGMENT
Adversary No. 12-01652 HRT

An issue was actually litigated in a prior proceeding when it was raised by the parties in appropriate pleadings, and necessarily adjudicated when a determination on that issue was necessary to the judgment. *Michaelson*, 884 P.2d at 701-02; *Bebo Constr. Co.*, 990 P.2d at 86. Both prongs must be satisfied. Collateral estoppel does not apply to issues that were actually litigated but not necessary to the judgment. *Bebo Constr. Co.*, 990 P.2d at 86. "This requirement is justified by the recognition that a previous tribunal may not have taken the care needed to adequately determine an issue that would not affect the disposition of the case." *Id*. (citing 18 Charles Alan Wright et al., *Federal Practice and Procedure* § 4421, at 193 (1981)).

Here, the Judgment states that it is based on both fraud and breach of contract, but the State Court did not make specific, detailed findings of fact regarding any acts of fraud that the Debtor committed. Nor did the State Court tie specific liability or damages (such as punitive damages) to any finding of fraud. Instead, the determination of both liability and damages appears to be based on a breach of contract theory. Because the allegations of breach of contract were sufficient to support the damages awarded, so that the Judgment would stand even without any finding of fraud, this Court cannot determine that the issue of whether the Debtor committed fraud was "necessarily adjudicated" by the State Court. In the absence of such a determination, this Court cannot apply the doctrine of collateral estoppel. The Creditor's Motion will therefore be denied.

Accordingly, it is

HEREBY ORDERED that the Motion is DENIED.

Dated this __29th__ day of March, 2013.

BY THE COURT:

*Howard Tallman*
Howard R. Tallman, Chief Judge
United States Bankruptcy Court